DA 09-0594

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 118N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

COLTER EPLER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2009-198
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Wendy Holton, Attorney at Law, Helena, Montana

       For Appellee:

              Hon. Steve Bullock, Montana Attorney General, Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

              Leo Gallagher, Lewis and Clark County Attorney, Tara Harris,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  May 12, 2010

Decided:  May 25, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Colter Joseph Epler (Epler) appeals an order of the District Court affirming his conviction in the Lewis and Clark County Justice Court for endangering the welfare of a child, a misdemeanor in violation of § 45-5-622(1), MCA. We reverse Epler's conviction.

¶3 On August 29, 2008, Lewis and Clark County Sheriff's Deputy Dennis Nyland received a report which resulted in his investigation of Epler. The investigation concerned allegations that Epler had tied his two-year-old daughter to her bed by the ankle in order to prevent her from leaving her bed and harming her younger sister. Apparently, the two-year-old daughter had been climbing into her younger sister's crib at night and biting and throwing heavy toys on her. Deputy Nyland interviewed Epler. Epler did not try to conceal what he had done and admitted to tying his daughter to the bed with the rope. Epler told Deputy Nyland that he came to realize the dangers of this action after their discussion. Epler told the deputy that he made an honest mistake and that he was not trying to punish or hurt his two-year-old.

¶4	Epler was subsequently charged with the misdemeanor offense of endangering the welfare of a child. The case was tried in a Justice Court bench trial. Deputy Nyland and a child protective services worker testified at trial. A recording of the interview between Epler and Deputy Nyland was also admitted at trial. Justice of the Peace Wallace A. Jewell determined that Epler was guilty of the charged offense. Judge Jewell noted that Epler argued that he and Danielle Morrison, the mother of the child, were new parents who simply made a mistake. Judge Jewell conceded that this was "probably true and they are extremely fortunate this incident did not result in some horribly serious injury and fatality." However, Judge Jewell determined that there were options available to the parents, such as rearranging the furniture in the room, other than tying their daughter to her bed. Accordingly, Judge Jewell determined that Epler knowingly violated the welfare of his child by violating a duty of care or protection. Epler's conviction was affirmed by the District Court.

¶5	Epler now appeals his conviction. Epler argues that the State failed to prove beyond a reasonable doubt that he knowingly endangered the welfare of his child. We review appeals from a lower court of record as if they were filed as a direct appeal from a district court. *Stanley v. Lemire*, 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643. "We review the sufficiency of evidence to support a conviction to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Morrisey*, 2009 MT 201, ¶ 86, 351 Mont. 144, 214 P.3d 708.

3

¶6     Section 45-5-622(1), MCA, provides as follows:  "A parent, guardian, or other person supervising the welfare of a child less than 18 years old commits the offense of endangering the welfare of children if the parent, guardian, or other person knowingly endangers the child's welfare by violating a duty of care, protection, or support."  Even viewing the evidence in a light most favorable to the prosecution, we conclude that the State failed to present sufficient evidence to prove, beyond a reasonable doubt, that Epler knowingly endangered the welfare of his daughter in this case.  Accordingly, we reverse Epler's conviction.

¶7     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  It is manifest on the record before us that the State failed to present sufficient evidence for any rational trier of fact to conclude beyond a reasonable doubt that Epler knowingly committed the offense of endangering the welfare of a child. Reversed.

/S/ PATRICIA O. COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS